# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| DAVID WHITESEL, *et al.*, | : | Case No. 3:25-mc-00002 |
| Plaintiffs, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| KELLY SILER, | : | |
| Defendant. | : | |

## NOTICE OF DEFICIENCY
## AND ORDER

David Whitesel and Laura Whitesel recently submitted a document to the Court titled "Suit at Common-Law With Common-Law Jury Demand." (Doc. No. 1.) The resulting case is assigned to United States District Judge Michael J. Newman. Certain matters have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's Amended General Order No. DAY 21-01.[1]

The Clerk of Court reports that at the time of filing, Plaintiffs refused to pay the fees required to institute a case in this Court. They also did not submit an application to

---

[1] Available at https://www.ohsd.uscourts.gov/content/general-orders-ohio-southern-district (last visited March 11, 2025). Among other things, this General Order says:

> All civil ("CV") and miscellaneous ("MC") cases filed at the Dayton location of court, including those removed from state court, shall be randomly assigned by the Clerk upon filing to one of the three resident District Judges and, except for Appeals from the Bankruptcy Court, to one of the resident full-time Magistrate Judges. The Clerk shall note the assignment on the docket. Each such case is hereby referred to the assigned Magistrate Judge for all further proceedings except as provided herein.

Amended General Order No. DAY 21-01 (Aug. 24, 2021).

proceed *in forma pauperis* and without pre-paying the fees. Additionally, Plaintiffs say, in a "Notice to Court Clerk" appended to their filing, that they "will not tender a fee for filing this suit at common-law, as all people are guaranteed access to a free and fair judiciary despite economic status." (Doc. No. 1-2 at PageID 10.)

To institute a civil action, suit, or proceeding in a federal district court, certain fees must be paid. The relevant statute provides:

> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.

28 U.S.C. § 1914(a). In addition, the clerks are directed to "collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b). As relevant here, the Judicial Conference has prescribed a $55 administrative fee under 28 U.S.C. § 1914. *See* Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, available at https://www.uscourts.gov /services-forms/fees/district-court-miscellaneous-fee-schedule (last visited March 11, 2025). Thus, the cost to institute this suit is $405.

In the alternative, if a plaintiff is unable to afford these fees, the plaintiff may apply to proceed *in forma pauperis,* or "IFP," without pre-paying the filing fees. This avenue is governed by 28 U.S.C. § 1915 and requires plaintiffs to submit an affidavit detailing their financial status. A blank application form, titled "Application to proceed Without Prepayment of Fees and Affidavit," can be found on the Court's website.[2]

---

[2] Also available on the Court's website is a "Guide for Pro Se Civil Litigants."

The Court **ORDERS** Plaintiffs to either pay $405 or submit a completed IFP Application form to the Clerk of Court by **April 14, 2025**. If they do neither of these things, the undersigned Magistrate Judge will recommend that the District Judge dismiss the case.

Plaintiffs are advised that they must keep the Court informed of their address at all times while this case is pending.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Any party may, **within fourteen (14) days** after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.