# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| DAVID WHITESEL, *et al.*, | : | Case No. 3:25-mc-00002 |
| Plaintiffs, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| KELLY SILER, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

David and Laura Whitesel filed this case on February 7, 2025. (Doc. No. 1.) They allege that a public official at the Montgomery County Recorder's Office wrongfully refused to record their Notice of Conveyance. (*Id*. at PageID 1-2.) Since filing the complaint, Plaintiffs have taken no steps to move the case forward. Specifically, they have failed to pay the required filing fees, or in the alternative, to apply for *in forma pauperis* status. The undersigned United States Magistrate Judge ordered them to take one of those steps by April 14, 2025 (*see* Notice of Deficiency and Order, Doc. No. 2 at PageID 13) but they did not. The undersigned therefore **RECOMMENDS** that the Court **DISMISS** this case.

When Plaintiffs filed their complaint titled "Suit at Common-Law With Common-Law Jury Demand" (Doc. No. 1), they refused to pay the filing fees. Plaintiffs also said, in a "Notice to Court Clerk" appended to their filing, that they "will not tender a fee for filing this suit at common-law, as all people are guaranteed access to a free and fair

judiciary despite economic status." (Doc. No. 1-2 at PageID 10.) The Clerk of Court nonetheless accepted their filings and notified the Court of their refusal.

The undersigned explained in the subsequent Notice of Deficiency and Order that Plaintiffs were required to pay filing fees or seek *in forma pauperis* status to proceed:

> To institute a civil action, suit, or proceeding in a federal district court, certain fees must be paid. The relevant statute provides:
>
>> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.
>
> 28 U.S.C. § 1914(a). In addition, the clerks are directed to "collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b). As relevant here, the Judicial Conference has prescribed a $55 administrative fee under 28 U.S.C. § 1914. *See* Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, available at https://www.uscourts.gov /services-forms/fees/district-court-miscellaneous-fee-schedule (last visited March 11, 2025). Thus, the cost to institute this suit is $405.
>
> In the alternative, if a plaintiff is unable to afford these fees, the plaintiff may apply to proceed *in forma pauperis,* or "IFP," without pre-paying the filing fees. This avenue is governed by 28 U.S.C. § 1915 and requires plaintiffs to submit an affidavit detailing their financial status. A blank application form, titled "Application to proceed Without Prepayment of Fees and Affidavit," can be found on the Court's website.
>
> The Court **ORDERS** Plaintiffs to either pay $405 or submit a completed IFP Application form to the Clerk of Court by **April 14, 2025**. If they do neither of these things, the undersigned Magistrate Judge will recommend that the District Judge dismiss the case.

(Doc. No. 2 at PageID 12-13 [emphasis in original].)

Rule 41(b) of the Federal Rules of Civil Procedure "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a

2

court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). "District courts also have the inherent power to sua sponte dismiss civil actions for want of prosecution [in order to] to manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Dismissal is warranted here. Plaintiffs are responsible for paying the filing fee or seeking IFP status. The undersigned ordered Plaintiffs to take one of these two steps and warned them that a recommendation of dismissal would be made if they did not comply with the order. (Doc. No. 2 at PageID 13). Nonetheless, they did not comply. The Magistrate Judge therefore **RECOMMENDS** that the District Judge **DISMISS** this case without prejudice.

The undersigned also **RECOMMENDS** that the District Judge **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and on that basis deny Plaintiffs leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiffs may file Objections to these recommendations as outlined below. They are reminded to keep the Court informed of their current address while the case is pending.

**IT IS SO RECOMMENDED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

3

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), they may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy. Fed. R. Civ. P. 72(b). All objections shall specify the portion of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed. A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).